The first case this morning is 523-0676, People v. Cunningham. Arguing for the appellant is Madison Heckel. Arguing for the appellee is Max Booz. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, counsel. Good morning, your honor. As you've been advised, Justice Moore is not present, but he will be viewing and listening to the recording of the oral argument and will remain on the panel. With respect to the issue of the supplemental briefing on the Johnson case, we're going to ask you to refile your motion for supplemental briefing after the Supreme Court case is final. And with that, Ms. Heckel, if you're ready to proceed, you may do so. Good morning, your honors, and may it please the court. My name is Madison Heckel, and I am from the Office of the State Appellate Defender representing Mr. Robert Cunningham. Mr. Cunningham was convicted of aggravated battery of a peace officer and aggravated fleeing or attempting to elude. He was then sentenced to the maximum sentence for each count to be served concurrently. The trial court did not adequately consider the mitigating factors when sentencing Mr. Cunningham and it overly relied on the aggravating factors and the victim's role as a police officer. Mr. Cunningham's maximum sentences are excessive in light of the mitigating factors. His sentence is greatly at variance with the spirit and purpose of the law. Mr. Cunningham's criminal history was mitigating, contrary to the trial court's finding. No evidence was produced to show that Mr. Cunningham had a proclivity towards violence because his prior charges, a class A resisting or obstructing arrest and a class A battery, were not inherently violent, nor was there any evidence to indicate he engaged in violent conduct while committing these offenses. Further, the sentences he received for these charges, both 15 hours community service and conditional discharge, do not indicate that the offenses were serious. There is no evidence to suggest that he had a proclivity towards violence. Further, the trial court did not adequately consider Mr. Cunningham's rehabilitative potential when they sentenced him to the maximum sentences. Both the Illinois Constitution and the Uniform Code of Corrections both require that rehabilitation be one of the sentences' objectives. Mr. Cunningham struggled with his addiction issues, and he was found in his pre-sentence investigation to be an appropriate candidate for task outpatient services. This, along with his minor criminal history, should be considered as a mitigating factor. Mr. Cunningham had been using methamphetamine since he was only 13 years old, and due to the medical issues that resulted from this case, Mr. Cunningham was able to significantly reduce his drug use. In the time before sentencing, he never missed a court date, and he never had any run-ins with the law since the incident. Did these offenses occur while he was already on probation? I do believe so, yes, but because he was able to become clean after this incident, he was able to take rehabilitative steps that he was unable to before, and he was able to show that he is able to make improvements in his life and become a more productive citizen now that he has been able to tackle his addiction issues. You've used the phrase a couple of times that his criminal history was mitigating. What do you mean by that? I wasn't aware in the statute anywhere where it says any criminal offenses are mitigating. What do you mean by his prior record is mitigating? Just the fact that it was non-violent? Yes, I apologize. The fact that it was non-violent and minimal in comparison to other crimes that he could have committed, it was less aggravating than the trial court asserted, so I apologize, you are correct. I would believe that Mr. Cunningham's rehabilitative potential due to his ability to tackle his addiction issues and the lack of violent criminal history should be considered as rehabilitative potential. Most importantly, the trial court failed to consider Mr. Cunningham's health issues when giving him the maximum sentence. Mr. Cunningham was shot during this encounter, which resulted in a stage five liver laceration. He had at least 17 surgeries between being shot and being sentenced, and at the time of sentencing, he had a drain in place in his liver, and his doctors had described this as a severe problem. He had a very high risk of infection that incarceration would potentially make worse. Is there anything in the record to support the inference that IDOC would not be able to address these medical problems? The 500 pages of medical records would indicate that they were severe medical problems. Nothing in the record specifically states that IDOC's inability to confront them. However, case law has indicated that incarceration is worse for infectious diseases, which would impact Mr. Cunningham's health issues. You are correct that nothing in particular would prohibit IDOC from confronting them, but just the scenario of being incarcerated puts him more at risk. He is on a high dose of antibiotics indefinitely to mitigate the risk of infection, which is not ideal. The trial judge was unable to make a finding that prison would endanger Mr. Cunningham's medical conditions, but this fails to consider the serious risk of infection that Mr. Cunningham faces. While there are strong aggravating factors in this case, there are also significant mitigating factors that the trial court failed to consider, giving Mr. Cunningham the maximum sentence in these mitigating factors shows an abuse of discretion. And your honors, I'm happy to put, as you indicated, you would like me to file my supplemental briefing, my motion to file supplemental briefing after the Supreme Court decision is finalized. I'm happy to discuss Johnson's implications, or if you would prefer I save that for briefing, that is up to you. No, go right ahead and what do you got to say about Johnson? Great. So first this court does not need to reach the question of whether the trial court considered an improper factor if it agrees that the sentence is excessive. Further in light of Johnson, this court can still consider the issue under second pronged plain error as ineffective assistance of counsel or first pronged plain error. Plains of ineffective assistance of counsel and the plain error rule overlap because a successful claim of ineffective assistance satisfied second pronged plain error and counsel was ineffective for failing to preserve this issue on appeal. Further, first pronged plain error would apply because the evidence at sentencing was closely balanced as shown by my excessive sentencing argument. Forfeiture is a limit on the parties, not the court. Mr. Cunningham is in a very precarious scenario purely because of the timing of Johnson. Had oral argument occurred when it was first initially scheduled, we wouldn't be having this conversation, whereas because we had to reschedule, now Mr. Johnson may not be able to have his claim heard. And so for the sake of fairness and judicial economy, it does make sense that this court do consider this and lighten the forfeiture rules. Going to the issue of considering the factor inherent in the sentence, a judge is not allowed to consider a factor inherent in the conviction as an aggravating factor, nor can the judge consider personal traits of the victim or the judge's personal opinion on the crime itself. Mr. Cunningham was convicted of aggravated battery of a peace officer and aggravated fleeing or offenses. The trial judge discussed policing today while discussing aggravating factors in this case, and the trial judge defined the profession of policing as particularly dangerous. He said that police officers have become targets in recent history. And I would argue the legislature agrees that policing is a dangerous profession, which is why they created a separate statute, a separate charge for battery against police officers in particular. The possible sentence that Mr. Cunningham faced was already larger because of the charge was against a police officer and considering the victim's role as a police officer in aggravation creates a double enhancement. These improper factors played a significant role in Mr. Cunningham's sentence, as shown by the fact that Mr. Cunningham was given the maximum sentence in light of the mitigating factors and by the trial judge giving a sentence that was higher than what was requested by the The only factor considered by the trial judge that had not already been mentioned by the state was the victim's role as a police officer. The length of his sentences in the face of other mitigating evidence demonstrates that the trial judge placed significant weight on the victim's status as a police officer and the trial judge's opinion of the offense. In sum, I ask this court to reduce Mr. Cunningham's sentences or alternatively to vacate his sentence and remand for a new hearing. Thank you, and I'll take any additional questions you may have or remand my time for rebuttal. Justice Vaughn, any questions? No other questions, thank you. All right, counsel, you'll be granted time for rebuttal. Mr. Boos, response? Thank you, your honors. If the timer is ready, thank you. And counsel, and may it please the court. Mr. Cunningham chose to create a scene at City Hall and then tear through the town, including a sidewalk, a parking lot, a roundabout, and ultimately crashing into a grassy embankment while his two children and their mother were present in his vehicle. He then made the decision to wait until he was no longer outnumbered by police in order to violently attack the officer, nearly choke him into unconsciousness, and require the use of lethal force. We have a great deal of information about this latter event because we have the superior surveillance perspective higher up from the nearby school bus where children can be heard remarking on that occasion. This offense was extremely serious, and the aggravation present in this case overrides any mitigation in reducing the sentence from where the sentencing judge placed it. To begin with the sentence, as my fellow counsel did, this is functionally an effort to get this court to reweigh the sentencing factors to defendant's benefit. That's not something that this appellate court is for. Rather, it is merely to look and see if the court abused its discretion, and based on its review of these matters, including criminal history that absolutely was not mitigating, that instead showed violent disregard for others' safety as evidenced in this offense, but also reflected by his criminal history before it, the sentence was proper. The battery charge specifically resulted in a literal second chance through a diversionary program that defendant received and did not take advantage of. Instead, defendant escalated into the conduct, forming the basis for the charges below. Further, specific to counsel's argument about substance abuse, that is not inherently mitigating. There is clear direction from prior decisions saying that while the defendant may cite that as a matter, it is not inherently mitigating and may, in fact, be aggravating depending on the matters below. The sentencing court is able to look at that. They are able to hear evidence on the matter, but they are not required, as defendant suggests, to view that as mitigating. The other facts relevant to the sentencing show that the court was well within its discretion, not only within the range of the sentencing options available, but specifically to where it landed in this case. Again, defendant did not receive the maximum available sentence here. The court could have chosen to provide consecutive sentencing and declined to do so, so the implication that he's received the most time he could have gotten is erroneous. Also, the court was correct in setting its sentence, in part because defendant never stopped creating danger until he was made to in this case. Again, the seriousness is one of the more extreme possible cases of an aggravated battery to a police officer and fleeing and eluding. He didn't just choose to speed away from an officer. He drove through a populated area at very high speeds and with no Okay, thank you. Further, the medical records in this case alone are far from the required showing the defendant is obligated to make in order to establish a mitigating factor at sentencing. Defendant has the burden to establish when the sentence must depart, and defendant failed to establish one in relation to his medical records. Merely depositing hundreds of pages of medical records are not enough to establish that this defendant in this case requires a lower sentence because otherwise his medical condition will become worse. Even then, the trial court stopped and considered the records at issue, doing what it could to review the matter, but at the same time, defendant did not provide any kind of way of analyzing these records, did not provide the proper foundation to say because of these records, there is a danger to this defendant. Moreover, defendant did not override the availability of health care in IDOC. Defendant is able to submit requests and go to the health care unit and seek treatment if treatment is needed. Given the constitutional requirement to provide him medical care, the court did not have a reason, an obligation that defendant created in order to change his sentence based on his medical condition. Your Honors, I intend to discuss Johnson and the first issue, the factor inherent to the case, unless there are additional questions, but any questions on the excessive sentencing argument that I've made. I've got a question. How about the comments of the trial court? It's critical to the civil society that every citizen respect the position and authority of those entrusted with the duties of keeping everyone safe, that is police officers. How can you construe that as anything else other than a double enhancement? Because, Your Honor, there's varying layers of standards that apply. While we do look at this from a de novo perspective at the appellate level, there are still myriad considerations on why we give the trial courts a fair look at their comments when evaluating whether or not a double enhancement is created. For example, defendant has the burden of establishing error. The full context is required. Functionally, a rule of completeness almost applies to the entirety of sentencing because taking these comments out of their context deprives the sentencing court of the ability to speak to why it sentenced the defendant in a holistic way rather than having to have individual terms completely ruin their ability to sentence effectively. Here, there is no question that deterrence applied. Deterrence was the avenue that the trial court was analyzing when it brought up the targeting that defendant displayed through his actions in this case. This was not an errant comment that sometimes police are targets having nothing to do with the facts underlying the case. The causality, in fact, is bad. There were multiple observers on a school bus who observed defendant choosing to target this officer for violence. And so deterrence absolutely applied that these actions that defendant made in modeling aggressive violent behavior against an officer needed to be redressed and needed to be considered in evaluating whether defendant's sentence should be greater or lesser under deterrence. Yes, the court recognized that this was an officer just like the court can recognize in a firearm offense that a gun was involved. That is not the of the analysis. All of the court's comments must be considered in light not only of the comment at issue but the entirety of their statements in determining whether or not a factor inherent to the offense was used. Specifically, the courts are not to rigidly apply whether a factor inherent to the offense is mentioned in sentencing here. The courts instead are to look at whether the court had a basis for considering the matters before it. And here because of those considerations, defendant has not established the clear and obvious error that defendant must in order to obtain a new crack at trying to be sentenced. Johnson shows why this is an issue. First of all, in relation to on Johnson, this court must consider that in defendant's reply, page three, defendant stated that defendant is not arguing first pronged plain error, is not seeking first pronged plain error, and therefore Johnson says that's it. If defendant cannot establish first pronged plain error, then they cannot obtain relief under Johnson. It says you need first pronged plain error, defendant has affirmatively waived it, and supplemental briefing is not an avenue to assert new arguments within the same appeal. That is foreclosed. For that reason alone, the factor inherent issue is not properly governed by defendant's arguments and defendant is not entitled to relief based on that. But more than that, Johnson clarified that prejudice is part of this analysis. Fundamentally, that is how we evaluate the claims of an inherent factor. Because Johnson told us, when you're talking about whether a factor is significant, that is fundamentally a prejudice-based argument. And so it does not apply in the second category. We need to determine whether or not this error alone was enough to, under a closely balanced case, show that there was a constitutional error that requires reversal. Your honors, if you have any questions for me. Justice Bond, any further questions? No other questions, thank you. All right, thank you, counsel. Rebuttal. Thank you, your honors. First, while the state argues that it is not your job to reweigh the factors in sentencing, which the state is correct about that, the appellate court is also not meant to just be a rubber stamp on sentences. And in relation to Mr. Cunningham's addiction issues, it is correct that it is not inherently mitigating. However, in this scenario, Mr. Cunningham was able to show that once he was basically forced into sobriety, he was able to show incredible rehabilitative potential, where he was able to attend every court date and not have a single run-in with the law. And his addiction is not necessarily mitigating, but his ability to change after overcoming his addiction is mitigating. And you are required to consider rehabilitative potential when sentencing a defendant. Again, the state is correct that Mr. Cunningham could have been given more time if he had been given consecutive rather than concurrent sentences. However, he did receive the maximum sentence for each charge, and a sentence does not need to be a maximum sentence to be excessive. Considering deterrence, he is correct that the trial court was trying to consider deterrence, but he already was giving a sentence of incarceration. This was a probationable offense. Anything that is higher than the minimum is considering deterrence. Deterrence would have applied had the trial court given the state's recommended sentence or just even minimal incarceration because he was already giving above probation. What is your response to the state's argument that the trial court could have imposed consecutive sentences, and since it did not, it's not a maximum sentence? Again, a sentence does not need to be a maximum sentence to be excessive, and the state had concurrent consecutive sentences was never considered by the state as an option, so already the trial court was giving a higher sentence than what was suggested by the state. So it's not necessarily the maximum sentence or maximum amount of time that he could have been incarcerated, but again, that does not mean that you are precluded from considering if his sentence was excessive. Well, there's no authority that precludes a trial court from imposing a greater sentence than one sought by the state, is there? No, you are correct. I merely bring that as reasoning to suggest why the sentence was excessive, and it ties along with the fact that the trial court considered factors inherent into sentence that the state had not considered. The state mentioned a lot of other possible reasonings, a lot of other facts that could have been considered in the trial court's decision, but the trial court did not mention any of that. The trial court did not discuss the school bus and all of these things. The only difference between the trial court's discussion of aggravation and the state's discussion of aggravation was the fact that the victim was a police officer. Turning to the state's discussion on Johnson, the state said that supplemental briefing is not a place for a new argument. I would agree in a normal scenario, but we are in a unique scenario where the law substantially changed between briefing and oral argument. The arguments that I made in my briefing were based on the law at the time. Numerous appellate courts had decided that considering a factor inherent to the crime was second-pronged plain error, and that was the law that I was relying on at the time. If I were to rewrite this brief now, I would write it differently, and I would argue that I did not believe the issue by not predicting what the Supreme Court would come up with two weeks prior to oral argument. If you have any further questions, I am happy to file supplemental briefing if given the opportunity. Otherwise, I ask that this court reduce Mr. Cunningham's sentence or remand for a new sentencing hearing. Thank you, Your Honor. That passes on. Anything further? Nothing further. Thank you. Yeah, as we indicated, we're going to allow you just to refile your petition, your motion for supplemental briefing. Yeah, file your motion, and we'll deal with it at that time, depending on your motion and the state's response. For the record, I've failed to mention this as case number 5-23-0676. All right, counsel, we will take this matter under advisement. Await your motions for supplemental briefing and issue a decision in due course.